UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                                                                        Case No: 8:17-mc-84-CEH-JSS

KATHLEEN A. CUTULI,

    Respondent.
_____/

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on United States of America's Petition to Enforce Internal Revenue Service Summons ("Petition"). (Dkt 1.) Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), Petitioner, United States of America, requests an order directing Respondent, Kathleen A. Cutuli, to show cause and explain why she should not comply with the summonses issued by the Internal Revenue Service ("IRS").

## **BACKGROUND**

On September 20, 2016, the IRS issued two summonses to Respondent, a Plant City, Florida resident, directing her to appear before Revenue Officer T. Ashley on October 6, 2016, to give testimony and to produce for examination and copying certain records set forth in the summonses. (Dkts. 1-2, 1-3.) The summonses were issued pursuant to an investigation of Respondent for the collection of tax liabilities for the years 2004, 2008, and 2010 through 2015 and were served on Respondent by personal delivery. (Dkt. 1.) According to Petitioner, Respondent failed to appear or otherwise comply with the summonses. (Dkt. 1.) Consequently, Petitioner filed the instant Petition to enforce the summonses. (Dkt. 1.)

**APPLICABLE STANDARDS**

The IRS is authorized to issue a summons to aid its investigation of an outstanding tax liability.  26 U.S.C. § 7602(a).  Specifically, "[a] summons may be issued to take any testimony of the person concerned and to summon the person liable for the tax to produce books, papers, records, or other data that may be relevant to the inquiry." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (citing 26 U.S.C. § 7602(a)).  A district court has explicit jurisdiction to enforce a summons against a person who "resides or may be found" in the district.  *United States v. Rice*, 522 F. App'x 540, 541 (11th Cir. 2013) (citing 26 U.S.C. § 7402(b)).

To obtain judicial enforcement of a summons, the government must show the following: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to the legitimate purpose for which the summons was issued; (3) the information sought is not already within the IRS's possession; and (4) the appropriate administrative steps have been followed. *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)).  An officer's declaration is sufficient to establish a prima facie case for enforcing a summons.  *See Morse*, 532 F.3d at 1132 ("The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.").

**ANALYSIS**

The government has established a prima facie case for enforcement of the summonses.  As stated in the Declaration of Revenue Officer T. Ashley, the IRS had a legitimate purpose for the summonses to conduct an investigation of Respondent's tax liability, the information sought (testimony, documents, and records) is relevant to that purpose, the IRS does not have this information, and all administrative steps required by the Internal Revenue Code have been followed. (Dkt. 1-1.)  Additionally, Officer Ashley attests that "[a] Justice Department referral . .

. is not in effect with respect to respondent for the years at issue in this enforcement action." (Dkt. 1-1 ¶ 9.) *See* 26 U.S.C. § 7602(d)(1) (prohibiting the issuance or enforcement of a summons to any person for whom a Justice Department referral is in effect). Accordingly, it is

**ORDERED** that United States of America's Petition to Enforce Internal Revenue Service Summons (Dkt. 1) is **GRANTED** to the extent that:

1. A copy of this Order to Show Cause, together with the Petition and its exhibits, shall be served on Respondent in accordance with Federal Rule of Civil Procedure 4 within twenty-one (21) days of this Order. *See* M.D. Fla. Local R. 6.01(c)(11) (providing that a United States Magistrate Judge is authorized to issue "an attachment or other orders to enforce obedience to an Internal Revenue Service summons to produce records or give testimony"). Pursuant to Rule 4(c)(3), the Court appoints Revenue Officer T. Ashley, or any other person designated by the IRS, to effect service in this case. Petitioner must file an executed return of service with the Court. Fed. R. Civ. P. 4(l)(1).

2. Respondent, Kathleen A. Cutuli, is ordered to show cause in writing within twenty-one (21) days of the date she is served with this Order as to why she should not be ordered to comply with the IRS summonses served on her on September 20, 2016. Failure to comply with this Order will result in an order directing Ms. Cutuli to fully comply with the summonses and may result in sanctions.

3. The Petition is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 4 -